AO 243  (Rev. 2/95)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District MASSACHUSETTS | |
|---|---|---|
| Name of Movant STEPHEN M. CORBETT | Prisoner No. 23708-038 | Case No. 1:0CR10157-006WGY |

Place of Confinement: FCI, P.O. BOX 2000, -"5752 UNIT" FORT DIX, N.J. 08670

UNITED STATES OF AMERICA  V.  STEPHEN M. CORBETT
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack: UNITED STATES DISTRICT COURT FOR DISTRICT OF MASSACHUSETTS  [JG Collings]

2. Date of judgment of conviction: NOV. 12, 2002

   **04-12054**

3. Length of sentence: 

4. Nature of offense involved (all counts): 21 U.S.C. 846 (BY INDICTMENT, DISMISSED) 21 U.S.C. 841(a)(1) + 18 U.S.C. 2, (BY SUPERSEDING INFORMATION - PLEA OF GUILTY)

   *[Handwritten order:]* September 21, 2004, This petition is dismissed sua sponte pursuant to the applicable rules. Assuming without deciding that the Blakely decision applies to the United States Sentencing Procedures, it is a "new rule" under Teague v. Lane, one that cannot benefit the petitioner as his conviction became final prior to the date of that decision.
   Since these matters are complex, however, the Court hereby issues a certificate of appealability of this order.
   — William G. Young, Chief Judge

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial? Yes ☐ No ☐

8. Did you appeal from the judgment of conviction? Yes ☒ No ☐

(2)

cc: AUSA Susan M. Poswistilo; VIA FIRST CLASS mail

AO 243   (Rev. 2/95)

9. If you did appeal, answer the following:

   (a) Name of court  COURT OF APPEALS FOR FIRST CIRCUIT

   (b) Result  AFFIRMED CONVICTION + SENTENCE

   (c) Date of result  DECEMBER 30, 2003

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐   No ☑

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court

        (2) Nature of proceeding

        (3) Grounds raised

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ☐   No ☐

        (5) Result

        (6) Date of result

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court

        (2) Name of proceeding

        (3) Grounds raised

(3)

AO 243    (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☒

(5) Result

(6) Date of result

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☐   No ☐
(2) Second petition, etc.   Yes ☐   No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.
(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(4)

AO 243    (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one:

*See attached.*

Supporting FACTS (state *briefly* without citing cases or law):

B. Ground two:

Supporting FACTS (state *briefly* without citing cases or law):

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

(5)

AO 243    (Rev. 2/95)

D. Ground four:

Supporting FACTS (state *briefly* without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

See attached.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐   No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing  ELLIOT WEINSTEIN  228 LEWIS WHARF, BOSTON, MA 02110

(b) At arraignment and plea  WEINSTEIN FOR ARRAIGNMENT
    JAMES B KRASNOO  23 MAIN ST, TERRACE LEVEL, ANDOVER MA 01810

(c) At trial  N.A.

(d) At sentencing  KRASNOO

(6)

AO 243    (Rev. 2/95)

(e) On appeal    KRASNOO

(f) In any post-conviction proceeding    N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding    N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☐    No ☑

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐    No ☑

   (a) If so, give name and location of court which imposed sentence to be served in the future:

   (b) Give date and length of the above sentence: 8 YEARS, NOVEMBER 12, 2002

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
       Yes ☐    No ☑

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

Pro-Se

I declare under penalty of perjury that the foregoing is true and correct. Executed on

9-16-04
Date

_____
Signature of Movant

(7)

12. Ground one:

The defendant requested an evidentiary hearing concerning a state burglary charge which he believed would have input at his sentencing. The defendant was denied a request for an evidentiary hearing. The defendant agreed that he had purchased approximately .46 grams of heroin but denied receipt of a larger quantity and asked for an evidentiary hearing as to quantity, which hearing was denied by the Court. The defendant further denied that he was a career offender and was sentenced as a career offender. Under *Blakely v. Washington*, the defendant was denied his right to be sentenced solely for the crime he committed as the sentencing guidelines were unconstitutional. The defendant, moreover, was denied his right to have confronted evidence proved to the court beyond a reasonable doubt as to the factors which enhanced his sentencing both under *Crawford v. Washington* and *Blakely v. Washington*. As these factors impacted on his sentence, the defendant is now serving a sentence that is much higher than the sentence to which he should have been subjected had he been sentenced under the constitutional mandates.

13. The grounds were not previously presented because *Crawford v. Washington* and *Blakely v. Washington* were new cases setting forth defendant's constitutional rights. They were unavailable to the defendant both during the district court proceedings and during the proceedings before the Court of Appeals.

Respectfully Submitted

*/s/ Stephen M. Corbett*
Stephen M. Corbett

9-16-04

P.O. Box 2000, #5752
Fort Dix, New Jersey
08640

2